**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NEW BEGINNING SANCTUARY,** | ) | |
| **a Missouri Not-For-Profit Corporation,** | ) | |
| **JAAM PROPERTIES LLC,** | ) | |
| **a Missouri Limited Liability Company,** | ) | |
| **and ALON FISCH, an Individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:23-cv-03336-MDH** |
| | ) | |
| **CITY OF SPRINGFIELD, MISSOURI,** | ) | |
| **a Missouri Municipal Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**FOURTH AMENDED SCHEDULING ORDER/DISCOVERY PLAN**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the parties are

Ordered to comply with the following Fourth Amended Schedule and Order:

**C.**     **DISCOVERY.**

The parties are ORDERED to work cooperatively and communicate regularly so that

discovery can be completed in as cost-efficient manner as possible.  Counsel shall conduct

themselves consistent with their roles as officers of the court and to treat each other, all parties,

and witnesses in a professional, courteous and respectful manner.  Communication from

opposing counsel shall receive prompt and responsive replies.

The parties are expected to review the Principles for the Discovery of Electronically

Stored Information prior to the Rule 26(f) conference and to discuss the corresponding Checklist

for Rule 26(f) Meet and Confer during the conference.  Both documents are available on the

Court's website under "District Court Local Rules, ESI Principles, Procedures & Fees https://www.mow.uscourts.gov/district/rules.

All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be conducted consistent with the Rules of Civil Procedure and the Local Rules of the Western District of Missouri. Discovery shall be completed on or before **October 3, 2025.** This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. The Court reserves the right to exercise control over the taking of depositions.

**D.      EXPERTS.**

1.      The plaintiff shall designate any expert witnesses on or before **July 30, 2025,** and the defendant shall designate any expert witnesses on or before **August 27, 2025.** This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony. This includes any person who may present evidence under Rules 702, 703 or 705 of the Federal Rules of Civil Procedure.

2.      Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness designated pursuant to paragraph 1 above. See FRCP 26(a)(2)(B). The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the

2

opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  The expert's testimony will be limited to opinions and information contained in the report and in any depositions that might be taken.

3.      With respect to treating physicians, the requirements of paragraph 2 above and FRCP 26(a)(2)(B) may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party.  For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party for the primary purpose of providing care and treatment and not retained for the primary purpose of providing testimony at trial.  Any testimony offered by a treating physician will be limited to information appearing in his/her files, records and notes relating to the patient unless additional opinions are disclosed in an affidavit or in the physician's deposition as described in paragraph 2 above.

4.      Experts will be made available for deposition in the order in which they are disclosed and within thirty (30) days of the date they are disclosed unless otherwise agreed upon by the parties.

E.      **DISCOVERY MOTIONS.**

Absent extraordinary circumstances, all discovery motions will be filed on or before **September 4, 2025.**  See Local Rule 37.1 for procedures that must be followed before filing a discovery motion.  The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.  Any discovery motion filed without complying with Local Rule 37.1 will be denied.  Prior to bringing any discovery dispute before the Court, the parties are reminded to

consult the Principles for the Discovery of Electronically Stored Information available on the Court's website under "District Court Local Rules, ESI Principles, Procedures & Fees https://www.mow.uscourts.gov/district/rules.  In the event that a teleconference is needed, my courtroom deputy may be reached at 417-865-3741.  All teleconference requests should be directed to her.  Each party to the dispute shall fax a description of the discovery dispute, not to exceed one page in length, to the Court at 417-865-2618, and to opposing counsel at least 24 hours before the teleconference.

**F.**     **BUSINESS RECORDS.**

All parties must notify all other parties of any business records they intend to "self-authenticate" pursuant to Federal Rules of Evidence 803(6), 902(11) and 902(12) on or before **December 31, 2025.**  A Certificate of Service signifying compliance shall be filed with the Court.

**G.**     **DAUBERT MOTIONS.**

All motions to strike expert designations or preclude expert testimony premised on Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) shall be filed on or before **December 12, 2025.**  The deadline for filing motions in limine does not apply to these motions. Failure to file a Daubert motion prior to this deadline will constitute a waiver of any arguments based on Daubert.

**H.**     **DISPOSITIVE MOTIONS.**

All dispositive motions, except those under FRCP 12(h)(2) or (3), shall be filed on or before **December 12, 2025.**  All motions for summary judgment shall comply with Local Rule 56.1.

## I.  <u>EXTENSIONS OF TIME</u>.

1.      All motions for extension of time pursuant to FRCP 6(b) or FRCP 31, 33, 34 and 36 must state:

   a.   The date when the pleading, response or other action is/was first due;

   b.   The number of previous extensions and the date the last extension expires;

   c.   The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

   d.   Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel to a requested extension is not binding on the Court).

## J.  <u>TRIAL SETTING</u>.

The Court will schedule a telephone conference to set this case for trial after the Court has ruled on dispositive motions.  If dispositive motions are not being filed, the parties shall file a Notice shall after the close of discovery requesting a telephone conference to set the case for trial.

**IT IS SO ORDERED.**

DATED:      April 17, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

5