IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NEW BEGINNING SANCTUARY, <br> A MISSOURI NOT- <br> FOR-PROFIT CORPORATION, <br> JAAM PROPERTIES LLC, <br> A MISSOURI LIMITED LIABILITY <br> COMPANY, and <br> ALON FISCH, AN INDIVIDUAL, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SPRINGFIELD, MISSOURI, <br> A MISSOURI MUNICIPAL CORPORATION <br><br> Defendant. | Case No. 6:23-cv-03336-MDH |

## ORDER

Before the Court is Plaintiffs' Motion to Exclude or Limit the Testimony of Defendant's expert witnesses Stephen D. Villavaso, Andreas Stevens, and Dr. John Majer. (Doc. 56). The motion is ripe for review.

## BACKGROUND

This case involves the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA"). Defendant, the City of Springfield, prohibited Plaintiffs from operating a home for residents in recovery from drug or alcohol addiction. Defendants claimed its zoning ordinance prohibited the home from operating in an R-SF Zone because it is a "group home" under the City's zoning code and there is another "group home" located within ¼ mile. The City classified the home as a group home because the residents who occupy the home are in recovery from drug and

1

alcohol abuse. The City denied Plaintiffs' request for a reasonable accommodation under the FHA and ADA.

To establish discrimination under either the FHA or the ADA, plaintiffs may proceed under any or all of three theories: intentional discrimination (disparate treatment), disparate impact, and failure to make a reasonable accommodation. *One Love Hous., LLC v. City of Anoka, Minnesota*, 93 F.4th 424, 429 (8th Cir. 2024) (citing *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003)). *See also Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). Due to the similarities between the FHA and the ADA, the Court will interpret them as one. *Id*.

Plaintiff brings four claims under the ADA and the FHA; Count I: FHA – Failure to Accommodate, Count II: FHA – Disparate Treatment, Count III: FHA – Disparate Impact, and Count IV: ADA. Thus, the claims considered in this case will be Failure to Accommodate, Disparate Treatment, and Disparate Impact.

**STANDARD OF REVIEW**

The standard to admit expert testimony is stated in Federal Rule of Evidence 702 as amended in 2000 to conform with *Daubert v. Merell Dow Pharmaceuticals, Inc.,* 509 U.S. 479 (1993). The Rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Products, Inc*., 270 F.3d 681, 686 (8th Cir. 2001).

## DISCUSSION

*Daubert and F.R.E. 702*

Defendant argues that the experts' opinions are not based on reliable methodology, are not supported by sufficient facts or data, and are based upon theories that have not been tested. Defendant challenges several opinions provided by the experts based on these arguments. Plaintiffs have responded stating all are qualified experts and Defendant's arguments challenge the weight and credibility of their opinions, but do not warrant exclusion under Daubert.

Stephen D. Villavaso is an expert in professional and urban planning, who offers opinions on municipal zoning practices, the City's application of its ordinances, and the compatibility of the spacing requirements with accepted planning principles and DOJ/HUD guidance. (Doc. 56-1, Villavaso's Report). Andrea Stevens is a licensed real estate professional, who analyzes residential housing market conditions in Springfield, including the availability of suitable properties during the relevant timeframe. (Doc. 56-2, Stevens's Report). Dr. John Majer is an expert in the operation of residential recovery housing, who provides insight into the therapeutic and operational requirements of recovery homes, as well as the practical implications of spacing requirements on their viability. (See Doc. 56-3, Majer's Report).

This Court agrees that the arguments raised by Defendant's motion go to credibility and the weight of the testimony which are subjects that may be raised during cross-examination. The parties will have the opportunity to present evidence of their positions based on the evidence, testimony, and cross-examination of witnesses during trial. The Court will make any further

3

rulings regarding specific objections to testimony as the evidence is presented at trial. However, the Court finds Plaintiffs' experts may be relevant under Fed. R. Evid. 702 and finds no basis to exclude them under *Daubert*.

<u>*One Love Housing, LLC v. City of Anoka, Minnesota*</u>

Defendant further argues that *One Love Housing v. City of Anoka, Minnesota,* 93 F.4th 424, 431-32 (2024) provides for the exclusion of the expert reports.

In considering reasonable accommodation claims, federal courts should limit their review to the materials that were presented to the local land use board, except in circumstances where the board prevents applicants from presenting sufficient information. *One Love Housing v. City of Anoka, Minnesota,* 93 F.4th 424, 431-32 (2024). This general rule however, does not apply to disparate impact and disparate treatment discrimination claims. *One Love Hous.*, 93 F.4th 424, 431 n.4 (8th Cir. 2024) (citing *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment,* 284 F.3d 442, 467 n.10 (3d Cir. 2002). The court in *Lapid-Laurel* reasoned that:

> We hold that reviewing courts should limit their review to the administrative record only on reasonable accommodations claims. It was proper for the District Court to allow the plaintiffs to rely on materials from outside the administrative record to support their disparate impact claims. It makes sense that a plaintiff would need broader discovery and more latitude on the evidence that he or she is allowed to present in a disparate impact claim than in a failure to make reasonable accommodations claim. The first involves demonstrating a discriminatory pattern resulting from the impact of the municipality's decisions, whereas the latter turns only on information regarding the necessity and reasonableness of the proposed accommodation, all of which can be presented to a local land use board in the first instance. Furthermore, this distinction is consistent with the approach of other courts that have addressed the proper scope of materials reviewed under FHAA reasonable accommodations and disparate impact claims.

*Lapid-Laurel* at 467 n.10 (citing *United States v. Village of Palatine,* 37 F.3d 1230, 1233 n. 3 (7th Cir.1994)).

Defendant argues the proffered expert testimony should also be excluded because it was not presented to the City as part of Plaintiffs' request for accommodation under *One Love Housing*. Plaintiffs argue the *One Love Housing* exclusion does not apply because the City did not provide Plaintiffs with a meaningful opportunity to present their evidence.

The Court finds that Plaintiffs were not prevented from providing the information they now seek to present. Plaintiffs were invited to resubmit their request to the proper individual, and asked to address several issues, which they chose to ignore when making their resubmission. Therefore, the *One Love* exclusion does apply in this case.

However, as the 8th Circuit noted in *One Love*, the exclusion applies only to reasonable accommodation claims, not disparate impact or disparate treatment claims. Thus, the expert reports will be considered in the disparate impact and disparate treatment claims. The expert reports will be excluded in the failure to accommodate claim.

## CONCLUSION

Plaintiffs' experts may be relevant under Fed. R. Evid. 702 and at this time, there is no basis to exclude them under *Daubert*. However, Plaintiffs' expert testimony should be excluded in the failure to accommodate claim under *One Love Housing* because it was not presented to the City as part of Plaintiffs' request for accommodation. Wherefore, for the reasons stated herein, Defendant's Motion is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

DATED: January 22, 2026

                                               */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**